UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL G. GARCIA,

        Plaintiff,

v.                                        Case No. 3:22-cv-100-BJD-LLL

FLAGLER COUNTY, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Daniel G. Garcia, a pretrial detainee at the Flagler County Detention Facility (FCDF), initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff has since filed other motions (Docs. 4-6), including a motion to amend his complaint to add five Defendants: two officers of the FCDF; a circuit court judge; the Florida State Attorney's Office, R.J. Larizza; and an attorney employed by the State Attorney's office. Plaintiff does not say why he wants to add these Defendants, nor has he submitted a proposed amended complaint.

Currently, Plaintiff names twenty-two Defendants, including the FCDF, the Flagler County Sheriff's Office, the sheriff, and Flagler County. See Compl. at 2-6. Plaintiff says the events giving rise to his claim(s) occurred on

September 15, 2015, at the FCDF, when another inmate attacked him, resulting in serious injuries. Id. at 7-8, 9, 17. Plaintiff alleges he received immediate medical attention at a hospital, and subsequently was returned to the hospital in October and November 2015, because he had seizures. Id. at 9-10.

Plaintiff also alleges the following: officers used excessive force when arresting him on April 5, 2021,[1] id. at 11-12; officers threatened him, mentally abused him, retaliated against him, or filed a false disciplinary report against him, id. at 10-11; and officers "frivolously manufactured" Plaintiff's bond revocation on May 30, 2021, resulting in his continued illegal detention, id. at 13-14. Plaintiff says he sustained physical injuries related to the 2015 inmate attack. Id. at 17. As relief, he seeks monetary damages and "[e]mergency release" on bond. Id. at 17-18.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the

---

[1] Plaintiff has a history of multiple arrests in Flagler County. See Flagler County Sheriff Inmate Search, available at http://inmatesearch.flaglersheriff.com (last visited Mar. 31, 2022).

2

language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

To state a claim under § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Plaintiff's complaint

is subject to dismissal under the PLRA because he fails to state a claim for relief that is plausible on its face.

The incident giving rise to Plaintiff's primary claim—that jail staff improperly housed him with a violent inmate, resulting in an attack—occurred on September 15, 2015. Compl. at 7-9, 17. As such, the statute of limitations has run on this claim. While the statute of limitations is an affirmative defense to be raised by a defendant, a district court may dismiss a prisoner's civil rights complaint under its screening obligation if it "appear[s] beyond doubt from the complaint itself that [the prisoner] can prove no set of facts" showing his claim is timely. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) (per curiam)) (affirming dismissal of a prisoner's claim for property deprivation because it was clear from the face of the complaint that it was filed beyond the applicable statute of limitations). See also Baker v. City of Hollywood, 391 F. App'x 819, 820 (11th Cir. 2010) (per curiam) (affirming the district court's dismissal of plaintiff's complaint for excessive use of force because it was clear that he filed it after the four-year limitations period had run); Ross v. Mickle, 194 F. App'x 742, 744 (11th Cir. 2006) (affirming the district court's dismissal of plaintiff's excessive force claim under the PLRA because it was apparent from the face of the complaint that he filed it beyond the applicable limitations period).

In Florida, a four-year limitations period for personal injuries applies to claims brought under § 1983. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam). Such claims accrue on or begin to run from "the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Ross, 194 F. App'x at 744 (quoting Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)). An excessive force claim accrues when the alleged force was used. See Baker, 391 F. App'x at 821 (recognizing that the plaintiff's excessive force claim accrued on the day of the alleged beating).

Plaintiff alleges an inmate attacked him on September 15, 2015, because the jail staff were "derelict in the performance of their professional duties." Compl. at 8.[2] Plaintiff did not file his complaint until January 16, 2022, more than four years after the incident occurred. It is clear from the face of the complaint that Plaintiff's claims accrued on September 15, 2015, and, therefore, are barred under Florida's four-year statute of limitations. Plaintiff alleges he knew of the assault on the day it occurred and knew jail officials

---

[2] Plaintiff also asserts Defendant Capobianco "informed the medical staff not to treat [him]" in October 2015, when he was rushed to the hospital for a seizure. Compl. at 9-10. Plaintiff does not allege the hospital medical staff refused to treat him. Id. at 10. He also does not allege medical staff at the jail refused him medical care. In fact, he concedes he was sent to the hospital after the attack in September and again in October and November. Id. And, in January 2016, he was sent to a neurologist. Id.

5

should not have housed him with another inmate because he was "under protective custody" at the time. Id. at 7-8, 9. Plaintiff alleges no facts indicating the limitations period should toll. As such, any claims arising out of the September 15, 2015 inmate attack are subject to dismissal.

Not only is Plaintiff's primary claim time-barred, but Plaintiff does not say which named Defendants are responsible for the alleged attack on September 15, 2015. Id. at 7-9. He alleges only that the jail facility staff were "derelict in the performance of their professional duties," and he names the jail and detention facility as Defendants. Id. at 8. To the extent Plaintiff seeks to hold the jail responsible for the inmate attack or any other alleged incident, his claims are not cognizable under § 1983.[3] In Florida, a sheriff's office or jail is not a legal entity subject to suit in a civil rights action brought under § 1983. Herrera v. Rambosk, No. 2:17-cv-472-FtM-29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)); Monroe v. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) (citing Chapter 30, Florida Statutes) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control."). Plaintiff's

---

[3] Plaintiff names as Defendants the FCDF, the Flagler County Inmate Facility, and the Sheriff's Office. It is unclear whether these entities are one and the same.

claims against the FCDF and the jail or sheriff's office are due to be dismissed because those entities are not amenable to suit under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (affirming the district court's dismissal of claims against a county sheriff's office because in Alabama, sheriff's departments lack the capacity to be sued).

Plaintiff also names a host of Defendants against whom he lodges no factual allegations, suggesting he intends to proceed against them because of their supervisory (or municipal) roles: Flagler County; Sheriff Rick Staley; Sheriff Maufre; Cmdr. Davis; Sgt. Bruzo; Sgt. Hockenberry; Cmdr. Micelli; Housing Unit Detention Deputy Jackson; Sgt. Saul; and Cpl. Sheridan. Id. at 2-6. Plaintiff has not stated a claim against Flagler County because he alleges no facts showing a municipal policy or custom caused a constitutional violation—either related to the inmate attack or any other alleged incident. See Swain v. Junior, 958 F.3d 1081, 1091 (11th Cir. 2020) ("A municipality may not be held liable under § 1983 unless a municipal policy or custom caused [an] injury."). Similarly, Plaintiff may not proceed against supervisors, such as the sheriff or high-ranking officers, simply because they held supervisory positions at the relevant times. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone

v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. (alteration in original). Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

While it appears Plaintiff's main claim relates to the inmate assault on September 15, 2015, Plaintiff also attempts to raise claims based on separate, unrelated incidents: alleged threats and harassment by unidentified Defendants in July and August 2020, see Compl. at 10; alleged excessive force during his arrest on April 5, 2021, id. at 11-12; alleged improper bond revocation on May 30, 2021, id. at 13; and an alleged false disciplinary report on July 31, 2021, id. at 10. These claims have no logical relationship to one another or to the claims arising out of the September 2015 incident, nor do the separate claims involve questions of law or fact common to all Defendants. As such, they should not be joined together in the complaint, in which Plaintiff

8

seeks relief for injuries he sustained when an inmate attacked him in 2015. See Fed. R. Civ. P. 20(a)(2). See also Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998).

Even if these claims were related, however, they would be subject to dismissal. First, Plaintiff's assertion that "[t]he Defendants listed" harassed him, abused him, retaliated against him, or deprived him of the right to due process is vague and factually unsupported. Compl. at 10. Thus, it amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cnty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations"). Moreover, allegations of threats or intimidation, without more, do not state a claim under § 1983. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[V]erbal abuse alone is insufficient to state a constitutional claim.").

Second, with respect to Plaintiff's arrest, Plaintiff alleges Defendants Capela and Lichty "grabbed [him] by the neck, slammed [his] face into the door, and then threw [him] to the ground." Compl. at 12. Plaintiff alleges that, once he was on the ground, Defendant Patel jammed his knee into Plaintiff's back.

9

Id. Plaintiff alleges he was having a seizure at the time, though he does not say the officers knew of that fact, nor does he allege the seizure was caused by Defendants' conduct. Id. In fact, Plaintiff does not allege he suffered any injuries related to the alleged unlawful use of force. Id. Plaintiff acknowledges EMTs came to the scene to provide medical attention for his seizure. Id.

The "reasonableness of a particular [arrest] depends not only on when it is made, but also on how it is carried out." Graham v. Connor, 490 U.S. 386, 395 (1989) (emphasis in original). An officer's right to make an arrest "necessarily carries with it the right to use some degree of physical coercion." Id. at 396. Whether force used during an arrest is reasonable is a fact-specific inquiry, requiring a court to consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. The Eleventh Circuit has held that "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." Nolin v. Isbell, 207 F.3d 1253, 1257, 1258 n.4 (11th Cir. 2000) (holding an officer did not use excessive force when he grabbed the plaintiff, shoved the plaintiff against a vehicle, pushed the plaintiff's head against a van, and placed his knee into the plaintiff's back).

The Court finds Plaintiff fails to state a plausible Fourth Amendment claim against Defendants Capela, Lichty, and Patel based on his April 5, 2021 arrest. Plaintiff does not contend the officers lacked probable cause to arrest him. See Compl. at 12. Rather, he takes issue with the manner in which the officers made the arrest. Notably, Plaintiff does not allege the officers caused him injuries. Plaintiff complains that officers used the kind of force the officer in Nolin used, which the Eleventh Circuit held was not excessive. See Nolin, 207 F.3d at 1258. Moreover, Plaintiff implies he may not have been complying with officers' commands. For instance, Plaintiff alleges he "said something to [Defendant Capela] that he did not like," which prompted the use of force. See Compl. at 12.[4]

Third, to the extent Plaintiff seeks this Court's intervention in his pending criminal matter, he is not entitled to such relief. See Lawrence v. Miami-Dade Cnty. State Att'y Off., 272 F. App'x 781 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances." (citing Younger v. Harris, 401 U.S. 37 (1971))).

---

[4] The Court takes judicial notice that Plaintiff was charged with battery on a law enforcement on April 5, 2021, for "intentionally touch[ing] or strik[ing] J. Capela." See Flagler County Case Number 2021CF000360, available at https://flaglerclerk.com/ (last visited Apr. 4, 2022). A jury found Plaintiff guilty of that charge on February 25, 2022, and he is awaiting sentencing. Id.

Fourth, it is unclear whether Plaintiff's due process claim against an unidentified Defendant relates to the assertion that Defendant Civil wrote Plaintiff a false disciplinary report. See Compl. at 10. Plaintiff offers no factual detail regarding the alleged false disciplinary report, nor does he allege facts suggesting he was denied due process at a resulting disciplinary hearing. Plaintiff's allegations that he incurred a false disciplinary report and was deprived of due process are naked assertions devoid of factual explanation. Id. Thus, Plaintiff fails to state a plausible claim related to these alleged incidents.

For the reasons stated, Plaintiff's complaint is subject to dismissal without prejudice. If Plaintiff wants to pursue timely, related, cognizable claims, he may file a new complaint.[5]

Accordingly, it is

**ORDERED:**

1.   This case is **DISMISSED without prejudice**.

---

[5] Plaintiff moves to amend his complaint to add five Defendants. Plaintiff does not say why he wants to add the identified Defendants, nor does he provide a proposed amended complaint. Regardless, judges and prosecutors enjoy absolute immunity from suit for actions taken in their official capacities. See Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam) ("[A] judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability."); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). Moreover, to the extent Plaintiff wants to add Defendants based on their involvement in his criminal case, the Court will not interfere in Plaintiff's criminal action.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of April 2022.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Daniel G. Garcia